# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER, | 1:09-cv-02157-OWW-SMS-PC |
| | [Kings County Superior Court case 09-CV-7012] |
| Plaintiff, | |
| | FINDINGS AND RECOMMENDATIONS, |
| v. | RECOMMENDING THIS ACTION BE |
| | REMANDED TO KINGS COUNTY |
| R. MILLER, et al., | SUPERIOR COURT |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| _____/ | |

**I.   BACKGROUND**

This is a civil action filed by plaintiff Edward B. Spencer ("Plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on June 15, 2009 (case 09-CV-7012). On December 11, 2009, defendants Miller, Faulks, Cartegena, Holland, Heberling, Clark, Ibarra, and Maureen removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.)

**II.   SUMMARY OF COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, where the events at issue allegedly occurred. Two of the defendants named by Plaintiff, Maureen and Ibarra, are inmates at SATF. Plaintiff also names defendants Miller, Faulks, Cartegena, Holland, Heberling, and Clark, who are

employees of the California Department of Corrections and Rehabilitation at SATF.  Plaintiff requests monetary damages as relief.

Plaintiff makes the following allegations in the complaint.  On May 4, 2008, Plaintiff was transferred to the hospital at the Correctional Treatment Center ("CTC").  Plaintiff's personal property was repacked for storage by inmates Steve Ibarra and J. Maureen, under the direction of Correctional Officer ("C/O") Miller; however, Miller was in her office during the packing.  On May 9, 2008, upon his return from CTC, a bag of magazines and books was missing from Plaintiff's property.   C/O Miller failed to inventory Plaintiff's property when it was packed for storage , and she denied that the inmates had packed Plaintiff's property.  Sgt. Heberling knew of the violations against Plaintiff but denied Plaintiff's prison appeal.  Other defendants also knew of the violations but did not act to prevent the violation of Plaintiff's rights.

**III.    REMOVAL AND REMAND**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1]  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

2

the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

**IV.    DISCUSSION**

Defendants removed Plaintiff's complaint based on federal question jurisdiction under 28 U.S.C. § 1441(b), contending that "Plaintiff filed a 'Petition for Writ of Mandamus and Declaratory Relief' alleging denial of rights to file prison grievances in violation of the 14th Amendment of the U.S. Constitution and due process." Notice of Removal ("N/R") at 1 ¶1.

The Court has thoroughly reviewed Plaintiff's complaint and finds no evidence that Plaintiff filed, or intended to file, a Petition for Writ of Mandamus and Declaratory Relief. Moreover, the Court finds no specific reference to the United States Constitution or the 14th Amendment, treaties, or other federal law in the complaint, except that Plaintiff states he has exhausted his remedies under the Prison Litigation Reform Act ("PLRA"). Complaint ("Cmp") at 6 ¶18. Plaintiff alleges a due process violation but does not refer to federal law.[2] Cmp. at 4 ¶1. Plaintiff uses a California state civil case cover sheet to describe his case as an action for property damage, and he specifically brings claims for general negligence and intentional tort. Cmp. at 1, 3 ¶10. Plaintiff alleges jurisdiction under the California Constitution, California Code of Civil Procedure, and California Government Code. Cmp. at 4 ¶¶2-5. For each of Plaintiff's six enumerated causes of action, he alleges violation of either the California

---

[2] The California Constitution also contains due process guarantees. Cal. Const. art. I, §§7, 15; also see People v. Ramirez 25 Cal.3d 260, 265, 266, 268; 599 P.2d 622; 158 Cal.Rptr. 316 (1979).

Constitution, a specific California Code section, or negligence.  Cmp. at 5-10.   Negligence is a state, not federal, law claim.

The fact that Plaintiff claims he complied with the exhaustion requirements of the PLRA, without more, does not confer federal jurisdiction.  As stated above, Plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action.  See The Fair, 228 U.S. at 25.  Based on these facts, the Court finds that Plaintiff's complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V.     CONCLUSION AND RECOMMENDATIONS

The Court finds that the federal court lacks jurisdiction over Plaintiff's complaint and the action is not removable.  Accordingly, IT IS HEREBY RECOMMENDED that:

1.     This action be remanded to the Kings County Superior Court; and

2.     The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 14, 2009**                /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE